NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

AMIN A. RASHID,                     :
                                    :     Civ. No. 20-5947 (RMB-KMW)
            Plaintiff               :
    v.                              :
                                    :          **OPINION**
UNITED STATES OF AMERICA            :
*et al.*,                           :
                                    :
            Defendants              :
_____:

BUMB, District Judge

This matter comes before the Court upon the filing of a civil action by Plaintiff Amin A. Rashid, an inmate presently incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey. (Compl., Dkt. No. 1.) When a prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

I.   STANDARD OF LAW

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.

Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the

amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.   The Complaint

Plaintiff asserts jurisdiction over his claims for false arrest, malicious prosecution and conspiracy under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and Ohio state common law. Plaintiff named as defendants the United States of America and the following employees and officials at the Federal Correctional Institution in Elkton, Ohio ("FCI-Elkton"), in their individual and official capacities: G. Shaffer, R. Martin, D. Stewart, K. Callahan, C.O. Smith, Captain Grimm, Frank B. Williams, Ms. Brown and Ms. Smith.

The Court accepts the following allegations as true for purposes of screening the complaint. Plaintiff is an African American of Islamic faith who was incarcerated at FCI-Elkton at all relevant times alleged in the complaint. (Compl., ¶3, Dkt. No. 1.) In September 2017, Plaintiff worked in the law library and his supervisor, Ms. Callahan terminated him due to her animosity for his Islamic faith. (Id., ¶¶9-11.) Callahan directed other staff in the Education Department to harass Plaintiff while he worked in the law library assisting other prisoners. (Id., ¶12.) Education Supervisor Ms. Grimm seized Plaintiff's legal materials and falsely accused him of abandoning his legal files and having

3

illegal possession of other prisoners' legal files. (Compl., ¶13, Dkt. No. 1.) Plaintiff appealed and Lieutenant Shaffer returned his legal files to him. (Id., ¶¶14-19.)

On July 29, 2019, Lieutenant Shaffer falsely accused Plaintiff of assaulting another inmate. (Id., ¶20.) Plaintiff denied committing the assault but he was nonetheless placed in the Segregated Housing Unit ("SHU"). (Id., ¶¶21-22.) As of August 5, 2019, Plaintiff had not been seen by the UDC Committee, as required by Bureau of Prisons ("BOP") regulations. (Id., ¶¶25-27.) Plaintiff complained to Lieutenant Stewart about due process violations in connection with the prison disciplinary procedure. (Id., ¶28.) Plaintiff was denied access to his legal files while waiting for his disciplinary hearing. (Id., ¶30.)

At his prison disciplinary hearing on September 23, 2019, Plaintiff professed his innocence. (Id., ¶¶31-32.) After watching video of the alleged assault for ten seconds, the DHO dismissed and expunged the charges because he did not see evidence of an assault. (Id.) Two days later, Plaintiff was informed that he was being transferred out of FCI-Elkton and he would remain in the SHU until his transfer. (Id., ¶33.) Plaintiff complained that the false accusations against him and his transfer were acts of discrimination because he is a Black Muslim and the inmate he was accused of assaulting was white and Jewish. (Id., ¶34.) Captain Grimm told Plaintiff that he had been found not guilty of assault

4

and it was not the reason for his transfer. (Compl., ¶35, Dkt. No. 1.) Plaintiff learned that members of the SHU Committee had voted to transfer him. (Id., ¶41.) Based on the above allegations, Plaintiff filed a notice of a Federal Tort Claim with the BOP on October 15, 2019. (Id., ¶40.) Plaintiff's administrative tort claim was denied on November 22, 2019. (Id., ¶43.)

    At that time, Plaintiff had a custody classification score that permitted his transfer to a minimum security camp. (Id., ¶44.) His case manager, Ms. Brown, told him she had completed the paperwork for his transfer to FCI Fairton, a minimum security camp. (Id.) On December 16, 2019, Plaintiff arrived at FDC Philadelphia, where he was put in the SHU because Ms. Grimm had classified him with assaultive behavior. (Id., ¶46.) The following day, Plaintiff arrived at FCI Fort Dix, where he learned Ms. Brown had classified him with a Greater Security Management Variable (MGTV), which made him ineligible for transfer to a prison camp for one year. (Id., ¶47.) Plaintiff's request for an administrative remedy was denied, stating that although the disciplinary charges were expunged, he had admitted to striking another inmate with his elbow. (Id., ¶49.) Plaintiff is 71-years-old and suffers from hypertension, making him vulnerable to COVID-19, but for his custody classification, he would have been eligible for release under the CARES Act. (Id., ¶50.) Plaintiff asserts tort claims under the Federal Tort Claims

5

Act and under Ohio common law. (Compl., ¶¶53-62, Dkt. No. 1.) He seeks compensatory damages.

    B.    <u>FTCA Claims</u>

The FTCA, 28 U.S.C. 1346(b)(1) provides, in relevant part:

> the district courts … shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Plaintiff was in the State of Ohio when the alleged tortious conduct occurred.

The only proper defendant to a claim under the FTCA is the United States of America. 632 F. App'x 58, 60 (3d Cir. 2015) (citing <u>CNA v. U.S.</u>, 535 F.3d 132, 138 n. 2 (2008)). The FTCA and the Prisoner Litigation Reform Act ("FTCA") limit claims by prisoners for compensatory damages to those instances where the prisoner suffered a physical injury. <u>See</u> <u>Mitchavi v. U.S.</u>, 345 F. App'x 727, 730 (3d Cir. 2009) (per curiam) (citing 28 U.S.C. § 1346(b)(2) and 42 U.S.C. § 1997e(e). Damages of mental and emotional distress are insufficient to state a claim under the FTCA or the PLRA. <u>Id.</u> For this reason, Plaintiff has failed to

state an FTCA claim against the United States, the only proper defendant to such a claim.

Plaintiff has also alleged tort claims under Ohio common law. A district court may decline to exercise jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Plaintiff has failed to state a federal claim; therefore, the Court declines to exercises supplemental jurisdiction over his state law claims. See Stone v. Martin, 720 F. App'x 132, 136 (3d Cir. 2017) (district court properly declined to exercise supplemental jurisdiction over state law claims after dismissing all claims over which it had original jurisdiction.) The Court will dismiss the complaint without prejudice, permitting Plaintiff to file an amended complaint if he can allege a cognizable claim over which this Court has original jurisdiction.

III. CONCLUSION

The Court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).


An appropriate Order follows.


DATE: August 3, 2020

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**